IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LORA MCMAHON ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| v. ) | |
| ) | |
| TARSEM L. GUPTA, M.D., P.C., d/b/a ) | JURY TRIAL DEMANDED |
| ATLANTA PULMONARY & SLEEP ) | |
| SOLUTIONS, ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Lora McMahon ("Plaintiff" or "McMahon"), through undersigned counsel, and files this lawsuit against Defendant Tarsem L. Gupta, M.D., P.C., d/b/a Atlanta Pulmonary & Sleep Solutions ("Defendant" or "Defendant APSS"), and for her Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual

damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia professional corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.  Parties and Facts

5.

Plaintiff was employed by Defendant as a sleep lab technician from June 2008 to June 8, 2017.

6.

From July 14, 2014 through June 8, 2017 (hereinafter the "statutory period") Plaintiff performed tech duties at Defendant's sleep study lab, as directed and assigned by Defendant.

7.

During the statutory period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Throughout her employment with Defendant, Plaintiff a non-exempt laborer entitled to overtime compensation for hours worked over 40 in a workweek. Throughout her employment with Defendant, Plaintiff's primary duty was non-exempt work.

9.

Throughout her employment, Plaintiff was paid at a flat rate per patient, without regard to the number of hours she worked in each workweek. During the statutory period, Plaintiff regularly worked more than 40 hours in given workweeks. Throughout the statutory period, Defendant failed to pay Plaintiff overtime compensation, calculated at one and one-half times her regular rate, for hours worked over 40 in workweeks.

10.

Throughout the statutory period, Defendant misclassified Plaintiff as an independent contractor.

11.

Throughout her employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Throughout Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

14.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

During the statutory period, Defendant failed to keep accurate time records for hours worked by Plaintiff.

17.

Plaintiff is entitled to overtime pay for the hours she worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

18.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendant.

19.

Defendant supervised Plaintiff's work.

20.

Throughout her employment with Defendant, Plaintiff was economically dependent on Defendant.

21.

Defendant's violation of the FLSA with respect to Plaintiff was willful.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

22.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

23.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

24.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

25.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

26.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

27.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

28.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

29.

Defendant's violations of the FLSA were willful and in bad faith.

30.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 20th day of July, 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff Lora McMahon

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com